[No. 15443. Department Two. January 3, 1920.]

RAY WALMSLEY, *by his Guardian ad litem, etc.,*
*Appellant,* v. W. B. PICKRELL *et al.,*
*Respondents.*[1]

MUNICIPAL CORPORATIONS (383)—COLLISION—CONTRIBUTORY NEGLIGENCE—VIOLATION OF ORDINANCE. In an action for injuries sustained in a collision at a street intersection, findings for defendant on conflicting evidence are sustained where his evidence is clear and indicated that he was driving carefully on the left side of the street and was run into by the defendant's motorcycle, which was exceeding the speed limit and not as near the curb as the ordinance required, and if it had been nearer the curb, the collision would have been avoided.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 10, 1919, upon findings in favor of the defendant, in an action for personal injuries, tried to the court. Affirmed.

[1]Reported in 186 Pac. 847.

*A. O. Colburn,* for appellant.

*Plummer & Lavin,* for respondents.

Fullerton, J.—The appellant, as plaintiff, brought this action against the respondent to recover for personal injuries and for injuries to a motorcycle owned by him, received in a collision between the motorcycle and an automobile driven by the respondent. The trial was had by the court sitting without a jury, and resulted in a judgment in favor of the respondent.

The appellant assigns errors which, if supported by the record, might entitle him to a new trial, but as he asks for an affirmative judgment in his favor in this court and directs his argument solely to the weight of the evidence, these assignments need not be specially considered.

The parties are widely divergent as to the circumstances giving rise to the collision. It occurred at the junction of two streets, in the city of Spokane, which cross each other at right angles. It is the appellant's version that he was riding east on one of the streets, traveling in a straight line to the right of its center, and had passed the center of the cross-street when he discovered the respondent approaching directly upon him from the north at a very rapid rate of speed; that he attempted to avoid a collision by turning his motorcycle to the right, but did not succeed in getting out of the way, and was struck head-on by the respondent's automobile. The respondent's version is that he (the respondent) was driving south on one of the streets mentioned, well toward the curb on his right; that, as he approached the street, he saw an automobile coming up the cross-street from his right and slowed up for it to pass in his front; that, as this one passed, he discovered another approaching from the same direction and waited for this one also, his machine being then

going at the rate of about six miles an hour; that, as the second machine passed, he entered the street and was well towards the center of the cross-street when the appellant rode up rapidly from his right; that he saw there was danger of a collision, and to avoid it turned the wheels of his automobile to the left as far as the steering gear would permit, when the appellant's motorcycle struck his automobile a glancing blow on his right fender, tearing it loose and striking his right front wheel, finally catching and hanging on the spring on that side of his car. Each of the parties was able to bring to his support corroborating evidence, such as marks upon the pavement, the nature of the injuries to the machines, and their positions after the accident, and the appellant produced an eyewitness, also, who in some degree supported him in his contention. It is on the latter circumstance, and another presently to be noticed, that the appellant contends that the evidence preponderates in his favor. But, if we have correctly gathered the surroundings, the position of the eyewitness from which he saw the accident was not such as to give him any very accurate view of the situation, and his testimony indicates, also, that he was giving attention to another matter which absorbed him for the time being. We cannot, therefore, conclude that the evidence of this witness materially aids the appellant.

The other circumstance is the manner in which the respondent testified. The appellant, in his brief, quotes largely from this testimony and argues its inherent improbability. But while the respondent was somewhat verbose, and in the course of his testimony drew deductions from the facts he recited which were probably the province of the trier of the facts to draw, his testimony as to the surrounding conditions and as to the manner in which the accident happened is clear, and it seems

to us no more inherently improbable than is the version given by the appellant.

In addition to finding that the weight of the evidence was with the respondent, the trial court took the view that, if the appellant's version were to be accepted, he was guilty of contributory negligence. By his own testimony he was, at the time of the collision, violating the city's ordinances enacted to regulate traffic upon its streets. He was traveling in excess of the speed limit permitted at that place and was not traveling as near the right-hand curb of the street as the ordinance required. It is possible, if he was proceeding in the manner he stated, that the first of these conditions did not contribute to his injury, and, if so, it would not bar a recovery on his part, but it is not so clear as to the second. He was, it is true, on the right of the center of the street, but he needed but an instant more of time to have passed the automobile in the clear, and he would have had this time had he traveled closer to the curb.

On the whole, we are unable to say that the judgment is not in accord with the record. It will therefore stand affirmed.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.